CARLTON BULLARD,

        Plaintiff,

                                      Case No. 25-cv-1545-pp

   v.

DR. KWON YANG, *et al.*,

        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 6) AND SCREENING COMPLAINT**

---

Plaintiff Carlton Bullard, who is representing himself, has filed a complaint alleging that the defendants violated his constitutional rights when he was incarcerated in a Wisconsin Department of Corrections institution.[1] Dkt. No. 1. The plaintiff also has filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 5. This order resolves that motion, screens the complaint, dkt. no. 1, and resolves the plaintiff's motion to appoint counsel, dkt. no. 6.

## I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 5)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which

---

[1] The plaintiff was not incarcerated when he filed this case, and he currently is not incarcerated.

relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says that he is not employed, earns about $1,000 per month in social security income and that he has about $1,400 a month in expenses. Dkt. No. 2. His request also states that he owns a vehicle (a 2003 Cadillac Deville) worth about $1,500. Id. Based on the information in the request, the court concludes that the plaintiff does not have the ability to pre-pay the filing fee. The plaintiff must pay the filing fee over time, as he is able.

## II.    Screening of Complaint

### A.    Standard for Screening Complaint

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes complaints filed by unrepresented litigants liberally and hold them to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    Plaintiff's Allegations

The plaintiff was incarcerated at Racine Correctional Institution during the events described in the complaint. Dkt. No. 1 at 2. He sues Dr. Kwan Yang, a dentist at Racine, and Nurse Practitioner Ginger Randolph. Id. The complaint raises four claims, one against Yang and three against Randolph.

First, the plaintiff alleges that Yang refused to prescribe him antibiotics for his infected tooth abscess. Id. at 3. He states that on March 13, 2024, he went to the dental services unit at Racine where a dental assistant x-rayed his infected tooth. Id. Yang allegedly reviewed the x-rays and diagnosed the plaintiff with an infected tooth abscess. Id. The plaintiff states that he told Yang that he needed antibiotics. Id. Yang allegedly told the plaintiff that he would only pull the infected tooth, and that he would not prescribe antibiotics. Id. The plaintiff states that over several months, the infection spread to his sinus and his nostrils, and that his infected tooth abscess went untreated for over a year, during which time Yang still refused to prescribe antibiotics. Id. The plaintiff states that all Yang wanted to do was pull the tooth. Id. The

plaintiff alleges that Yang never tried to save his tooth and let him suffer with a tooth abscess infection for over a year. Id.

The plaintiff's second claim is that Randolph refused to prescribe him an inhaler, knowing that he has airway obstruction, COPD, asthma, emphysema and sleep apnea. Id. at 7. The plaintiff states that Randolph ignored the plaintiff's request for an inhaler at appointments he had with her throughout 2023. Id. He allegedly had "life threatening episodes" that continued through April of 2024. Id. The plaintiff states that his "breathing airwaves" cut off, which left him gasping for air and threatened his life. Id.

Third, the plaintiff claims that in September 2023, Randolph put in an order for him to see an off-site orthopedic specialist, but he never saw one. Id. at 10. He says that he has continuous agonizing knee, bone-on-bone pain with his knee pulling in and out of its joint socket. Id. The plaintiff allegedly had a pre-existing compound fracture with plates and screws holding his left foot, ankle and leg together. Id. He says that on April 26, 2024, prison staff told him that he finally had his appointment with an orthopedic specialist to have the right knee surgery he had been waiting for since February 2023. Id. During the wait, Randolph allegedly kept telling him that she had ordered him to see the orthopedic specialist. Id. The plaintiff allegedly suffered severe pain for a year and a half. Id.

Fourth, the plaintiff claims that Randolph took over a year (December 2022 to February 19, 2024) to give him gabapentin for his diabetes neuropathy pain. Id. at 13. The plaintiff states that when he first arrived at Racine in December 2022, Randolph knew of his diabetes neuropathy pain, and she prescribed him experimental medications that don't treat diabetic neuropathy pain. Id. The plaintiff wrote to Randolph about his pain through 2023 and the

4

beginning of 2024, but she didn't prescribe him gabapentin. <u>Id.</u> The plaintiff allegedly suffered severe diabetes neuropathy pain during that time. <u>Id.</u>

The plaintiff claims that the defendants violated his constitutional rights. He seeks $200,000 compensatory damages for pain and suffering. <u>Id.</u>

C. <u>Analysis</u>

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. <u>Cesal v. Moats</u>, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976)). "This principle applies equally to dental care." <u>McGowan v. Hulick</u>, 612 F.3d 636, 640 (7th Cir. 2010) (citing <u>Berry v. Peterman</u>, 604 F.3d 435, 440 (7th Cir. 2010)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." <u>Cesal</u>, 851 F.3d at 721 (quoting <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Id.</u> (quoting <u>King v. Kramer</u>, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. <u>Id.</u> (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-38 (1994); <u>Greeno v. Daley</u>, 414 F.3d 645, 653 (7th Cir. 2005)). A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an incarcerated individual's pain. <u>McGowan</u>, 612 F.3d at 640 (citing <u>Estelle,</u> 429 U.S. at 104-05.

5

The plaintiff alleges that Yang refused to prescribe him antibiotics for his tooth infection, and that he would only pull the tooth. As a result of Yang's refusal to prescribe antibiotics, the plaintiff allegedly suffered with an untreated tooth abscess infection for over a year. The plaintiff's insistence that he should have antibiotics amounts to a disagreement with Yang's medical judgment that the tooth should be pulled and does not state a claim. See Berry v. Peterman, 604 F.3d 435, 441 (7th Cir. 2010) (disagreement with a doctor's medical judgment is not enough to prove deliberate indifference in violation of the Eighth Amendment) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The plaintiff has not stated an Eighth Amendment claim against Yang.

The plaintiff also has not stated a claim against Randolph based on allegations that she ordered an appointment with an orthopedic specialist, but that he did not see the specialist for several months. The plaintiff has not alleged that Randolph was responsible for the delay in the appointment, which means that he has not stated an Eighth Amendment claim against Randolph based on these allegations.

But the plaintiff *has* stated a claim against Randolph based on his other allegations against her. He alleges that she refused to provide him with an inhaler for his airway obstruction, COPD, asthma, emphysema and sleep apnea, resulting in life-threatening episodes. The plaintiff also alleges that Randolph took over a year—from December 2022 to February 19, 2024—to give him gabapentin for his diabetes neuropathy pain. Although the plaintiff is not entitled to the pain medication of his choice, construed liberally, his complaint alleges that Randolph prescribed him ineffective pain medication for over a year. The plaintiff may proceed on the above-described Eighth Amendment medical care claims against Randolph in her individual capacity.

6

### III.    Plaintiff's Motion to Appoint Counsel (Dkt. No. 6)

The plaintiff filed a motion to appoint counsel. Dkt. No. 6. He states that he cannot afford a lawyer, he has limited legal knowledge, and the case involves complex issues. Id. The plaintiff asserts that a trial will likely involve conflicting evidence, and that counsel would better enable him to present evidence and to cross-examine witnesses. Id. He says that he has made repeated efforts to find a lawyer. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be

determined before moving to the second inquiry." <u>Eagan</u>, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with the lawyers' names, their addresses, how and when the plaintiff attempted to contact each lawyer and the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." <u>Eagan</u>, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." <u>Pennewell v. Parish</u>, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." <u>Id.</u> This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." <u>Id.</u> at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." <u>Id.</u> at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." <u>Pickett</u>, 930 F.3d at 871.

The plaintiff has satisfied the threshold requirement of trying to find a lawyer on his own. But this case is at an early stage. The plaintiff has shown that he can thoroughly describe his version of the events surrounding his claims. He has been allowed to proceed on two medical care claims against one

8

defendant. His claims are not very complex. Based on the plaintiff's filings and the nature of his claims, the court believes that he can engage in discovery and respond to a motion for summary judgment. Once the defendant files a responsive pleading to the complaint, the court will issue a scheduling order that will contain guidance and information about conducting discovery and responding to a motion for summary judgment. And if the case becomes more complicated down the line, the plaintiff may renew his motion to appoint counsel. The court will deny without prejudice the plaintiff's motion to appoint counsel.

## IV.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 6.

The court **ORDERS** that defendant Dr. Kwon Yang is **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Ginger Randolph. Under the informal service agreement, the court **ORDERS** that defendant Randolph must file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that the plaintiff must submit the original document for each filing to the court to the following address:

9

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by unrepresented litigants. Entitled "Answers to Pro Se Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 21st day of May, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

10